# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:18-cr-109 |
| vs. | : | Judge Timothy S. Black |
| ANDREY SHUKLIN (1), | : | |
| Defendant. | : | |

## ORDER DENYING
## DEFENDANT'S MOTION FOR BOND

This criminal case is before the Court on Defendant's motion for release on bond (Doc. 48), the parties' responsive memoranda (Docs. 59, 61), and Defendant's addendum (Doc. 70). The Court also has before it the Detention Order (Doc. 30, Att. 1) and Defendant's Pretrial Services Report (Doc. 119).

## I. BACKGROUND

On July 25, 2018, a federal grand jury returned a one-count indictment charging Defendant Andrey Shuklin and eleven co-defendants with participating in a RICO conspiracy, in violation of 18 U.S.C. § 1962(d). (Doc. 3). As charged, Defendant faces a statutory maximum term of up to twenty years imprisonment upon conviction. 18 U.S.C. § 1963(a). As a non-citizen, Defendant would also face likely deportation if convicted. *See* 8 U.S.C. §§ 1101(a)(43)(J), 1227(a)(2)(A)(iii).

On July 31, 2018, Defendant was arrested in the Southern District of Florida, where he resides. (Doc. 30). He was brought before a United States Magistrate Judge of

that district and a detention hearing was held on August 6, 2018, at which Defendant appeared with retained counsel. (*Id*. at 32).

Upon the detention hearing, the Magistrate Judge concluded that the weight of the evidence against the Defendant is substantial, and that the pertinent history and characteristics of the Defendant compel a finding that no conditions or combination of conditions would reasonably assure Defendant's appearance as required an/or the safety of the community. (Doc. 30-1). Specifically, the Magistrate Judge cited the nature of the racketeering offense, including the use of aliases and false identification documents to further the conspiracy, along with the Defendant's international ties, access to false identification documents, and the substantial prison term he faces if convicted. Based on these facts, the Magistrate Judge specifically found, by clear and convincing evidence, that Defendant presents a serious risk of flight if released. (*Id*. at 1-2). Accordingly, Defendant was ordered detained pending trial. (*Id*.)

Defendant now seeks reconsideration of the Magistrate Judge's detention order, pursuant to 18 U.S.C. § 3145(b). (Doc. 48).

## II. STANDARD OF REVIEW

Pursuant to 18 U.S.C. § 3142(e)(1), "[i]f, after a [detention] hearing …, the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the [defendant] as required and the safety of any other person and the community, such judicial officer shall order the detention of the [defendant] before trial."

A defendant may file a motion with the district court for revocation or amendment of a magistrate judge's detention order. 18 U.S.C. § 3145(b). The majority of circuits, as well as most district courts within the Sixth Circuit, hold that the district court reviews a magistrate judge's detention order *de novo*. *United States v. Yamini*, 91 F. Supp. 2d 1125, 1127-29 (S.D. Ohio 2000) (collecting cases).

In determining whether any conditions will reasonably assure a defendant's appearance and the safety of the community, the Court must consider the factors set forth in 18 U.S.C. § 3142(g), including: (1) the nature and circumstances of the alleged offense; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to any person or the community if the defendant is released.

### III. ANALYSIS

In ordering Defendant detained, the Magistrate Judge addressed the appropriate statutory factors, and this Court now considers those same statutory factors *de novo*.

First, the nature and circumstances of the alleged offense are very serious. Defendant is charged with being **the leader** of a nation-wide racketeering enterprise, which allegedly defrauded, extorted, or stole from approximately 1,000 known victims, spanning from 2013 until the Indictment in 2018. (Docs. 3, 59 at 5). The racketeering conspiracy is a serious charge, and Defendant faces substantial criminal penalties, to wit: up to 20 years in prison. 18 U.S.C. § 1963(a). Moreover, the number of victims indicates that the loss amount will be substantial and Defendant will likely face a

significant advisory guideline range at sentencing. *See* U.S.S.G. § 2B1.1. Such significant penalties provide strong incentive to flee.

Second, as to the weight of the evidence, the Government's representations show that the weight of the evidence against Defendant is strong. (Doc. 59 at 8-11). Specifically, there is a lengthy paper-trail evidencing Defendant's direct and substantial involvement in the offense. (*Id.*) Accordingly, this factor weighs in favor of detention.

Third, Defendant's history and characteristics weigh against him in the Court's analysis because of his strong ties overseas (including Russia, which does not provide for extradition), as well as his access to monetary resources and false identification documents. And in that regard, forfeiture of passports does not suffice to alleviate Defendant's risk of flight. Finally, Defendant's substantial likelihood of deportation upon conviction gives him enormous incentive to flee.

As to the fourth factor, the Court finds no specific risk of danger to the community *per se*. Defendant lacks any criminal history, and the instant alleged offense is not a crime of violence.

Having considered all relevant statutory factors, the information contained in the pretrial report, the recommendation of the Pretrial Officer, and the arguments of the parties, this Court concurs with the Magistrate Judge's conclusion and finds, independently, that no conditions or combination of conditions will suffice to reasonably assure Defendant's appearance. Defendant simply poses too great a flight risk, which risk is not minimized by any conditions of bond.

Accordingly, Defendant's motion to for bond (Doc. 48) is **DENIED** and Defendant Shuklin **SHALL** remain detained pending resolution of this criminal case.

**IT IS SO ORDERED.**

Date: 11/8/2019

Timothy S. Black
United States District Judge