# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:18-cr-109 |
| | : | |
| vs. | : | Judge Timothy S. Black |
| | : | |
| ANDREY SHUKLIN (1), | : | |
| | : | |
| Defendant. | : | |

## ORDER CONDITIONALLY GRANTING DEFENDANT'S MOTION TO APPOINT CJA COUNSEL AND CO-COUNSEL

This case is before the Court on Defendant's motion to have currently retained counsel, Martin Pinales, Esq. and Stephanie Kessler, Esq., appointed pursuant to the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A. (Doc. 128). Defendant asserts that he is unable to fund ongoing private representation, given that he remains detained pretrial. (*Id*. at 1). Defendant submits a financial affidavit in support of his motion. (*Id*. at Ex. A).

Pursuant to the CJA, the Court must appoint counsel on behalf of any defendant charged with a felony offense, if the Court is "satisfied after appropriate inquiry that the [defendant] is financially unable to obtain counsel…." 18 U.S.C. § 3006A(b). "A person is 'financially unable to obtain counsel' within the meaning of 18 U.S.C. § 3006A(b) if the person's net financial resources and income are insufficient to obtain qualified counsel." Guide to Judiciary Policy Vol. 7, Part A, Ch. 2, § 210.40.30(a). In determining the sufficiency of a defendant's resources, the Court must consider, *inter alia*, "the cost of providing the defendant and his dependents with the necessities of life." *Id*. The Court should generally err on the side of appointment, as erroneous appointment of

counsel to a financially ineligible defendant can be corrected through a subsequent order of reimbursement. *Id.* at § 210.40.30(b); 18 U.S.C. § 3006A(f).

In denying Defendant's motion for bond, this Court found that Defendant has access to substantial monetary resources. (Doc. 127 at 4). Moreover, in opposing bond, the Government argued that it has evidence Defendant is severely under-representing his financial resources. (Doc. 59 at 14-15). However, even assuming that Defendant has accurately disclosed his assets, those disclosures evidence financial means sufficient to fund adequate counsel. Defendant's financial affidavit, signed under penalty of perjury, states that he has over $20,000 cash on hand and real property carrying $265,892.67 in equity. (Doc. 128, Ex. A). Additionally, Defendant's spouse is employed and earns $3,200 per month. (*Id.*) In short, Defendant's financial affidavit evidences that he has ample resources to secure adequate counsel, without jeopardizing the financial stability of his family.

With that said, the Court is prepared to err on the side of appointment and subsequently order reimbursement of the funds, as appropriate. Appointment of counsel in this case also serves the purpose of allowing for the expeditious processing of discovery, as outlined in Defendant's motion. (Doc. 128 at 2).

Accordingly, Defendant's motion for appointment of CJA counsel (Doc. 128) is **CONDITIONALLY GRANTED**, subject to the likely need for future reimbursement. Accordingly, defense counsel, Martin Pinales, Esq., is hereby appointed to serve as CJA counsel on behalf of Defendant Andrey Shuklin. Additionally, the Court finds that appointment of co-counsel on behalf of Defendant Shuklin is necessary and in the interest

of justice, due to the difficulty and complexity of the case.  Thus, the Court further appoints Stephanie Kessler, Esq., to serve as CJA co-counsel.  The Court notes that while neither Mr. Pinales nor Ms. Kessler are assigned to the Court's CJA Panel, maintaining continuity of counsel best serves the interests of justice and efficiency in this case.

The Court's appointment of Mr. Pinales and Ms. Kessler shall be effective as of the date of this Order.

**IT IS SO ORDERED.**

Date:  1/10/2020

*s/ Timothy S. Black*
Timothy S. Black
United States District Judge