# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Case No. 18-CR-109 (1) |
| | : | |
| v. | : | Judge Timothy S. Black |
| | : | |
| ANDREY SHUKLIN, | : | GOVERNMENT RESPONSE TO |
| | : | DEFENDANT SHUKLIN'S RENEWED |
| Defendant. | : | MOTION TO MODIFY ORDER OF |
| | : | DETENTION |

The Government submits this response in opposition to Defendant Andrey Shuklin's renewed motion to modify the order of detention issued by United States Magistrate Judge Lurana S. Snow of the Southern District of Florida and affirmed by this Court and the U.S. Court of Appeals for the Sixth Circuit.  *See United States* v. *Andrey Shuklin*, 18-CR-109, Dkt. 146 ("Def. Mot.").  For the reasons below, this motion should be denied without a hearing.

Under Title 18, United States Code, Section 3142(i), where pretrial detention has been litigated, the "judicial officer may, by subsequent order, permit the temporary release of the person . . . to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason."  18 U.S.C. § 3142(i).  The defendant alleges that the COVID-19 pandemic is that compelling reason.

As courts addressing this issue have stressed, "a defendant should not be entitled to temporary release under § 3142(i) based solely on generalized COVID-19 fears and speculation. Rather, the court must make an individualized determination as to whether COVID-19 concerns present such a compelling reason in a particular case that temporary release is necessary under § 3142(i)."  *United States* v. *Smoot*, 2:19-CR-20, 2020 WL 1501810, at *2 (S.D.O.H. Mar. 30, 2020) (quoting *United States* v. *Clark*, --- F. Supp. 3d ----, No. 19-40068-01-HLT, 2020 WL 1446895,

at *3 (D. Kan. Mar. 25, 2020)); *accord United States* v. *Shelton*, 3:19-cr-14, 2020 WL 1815941, at*4 (W.D.K.Y. Apr. 9, 2020).

In evaluating whether COVID-19 is a compelling reason to warrant temporary release, courts have considered factors including "(1) the original grounds for the defendant's pretrial detention, (2) the specificity of the defendant's stated COVID-19 concerns, (3) the extent to which the proposed release plan is tailored to mitigate or exacerbate other COVID-19 risks to the defendant, and (4) the likelihood that the defendant's proposed release would increase COVID-19 risks to others." *Smoot*, 2020 WL 1501810 at *2 (quoting *Clark*, 2020 WL 1446895 at *3); *accord United States* v. *Tawfik*, 17-cr-20183-2, 2020 WL 1672655, at *2 (E.D. Mich. Apr. 6, 2020).

Looking to the first factor, the defendant's risk of flight—which has been detailed in multiple filings—was evaluated and affirmed by both this Court and the Sixth Circuit. *See* Dkt. 127 ("[N]o conditions or combination of conditions will suffice to reasonably assure Defendant's appearance. Defendant simply poses too great a flight risk, which risk is not minimized by any conditions of bond."); *United States* v. *Shuklin*, No. 19-4171, Order (6th Cir. Mar. 18, 2020) ("A district court's conclusion that a defendant poses a flight risk is supported when the defendant faces a lengthy sentence if convicted, has the potential for deportation, and has family abroad."). His claims have been thoroughly considered and rejected. The defendant presents nothing new or compelling in regards to the risk his release presents.

Nor does the defendant present anything specific about his COVID-19 concerns. The defendant argues that his life is on the line due to the COVID-19 outbreak, and points to conditions in prisons in Iran and China in support. *See* Def. Mot. at 3-4. But he identifies nothing unique about his personal circumstances that support his release in the face of the risk of flight he presents. His concerns and risk of infection are in no way greater or more profound than that of anyone else.

"[A] defendant is not entitled to temporary release under § 3142(i) 'based solely on generalized COVID-19 fears and speculation.'" *United States* v. *Rashid*, 1:20-cr-19, Dkt. 28, at *5 (S.D.O.H. Apr. 13, 2020) (quoting *Smoot*, 2020 WL 1501810 at *2). "While the generalized risks of COVID-19 cannot be disputed, courts have held that these risks, without more, do not amount to a 'material change of circumstances warranting a renewed evaluation of a prior detention order.'" *Tawfik*, 2020 WL 1672655 at *2 (quoting *United States* v. *Dodd*, No. 20-0016, 2020 WL 1547419, at *3 (D. Minn. Apr. 1, 2020) (brackets omitted)).

The defendant also fails to present any plan of release that would both mitigate his risk of flight, and mitigate the risk of him spreading any potential infection to others. Assuming upon release he would ask to return to Florida with his wife and child, he could present a risk to both.

The defendant does not meet his burden of presenting compelling circumstances, and thus his motion should be denied.

## CONCLUSION

The Court should deny the defendant's renewed motion to modify the order of detention.

Respectfully submitted,

DAVID M. DEVILLERS
United States Attorney


*/s/ Megan Gaffney*
MATTHEW C. SINGER (IL 6297632)
MEGAN GAFFNEY (NY 4849220)
Assistant United States Attorneys
221 E. Fourth Street, Suite 400
Cincinnati, Ohio 45202
Matthew.singer@usdoj.gov
Megan.gaffney@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed with the Court's CM/ECF System this 21st day of April 2020, which provides electronic notice to all parties.

*s/Megan Gaffney*
MEGAN GAFFNEY (NY 4849220)
Assistant United States Attorney