# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

ANDREY SHUKLIN,

    Defendant.

Case No. 1:18-cr-109-1

JUDGE DOUGLAS R. COLE

## ORDER

Pursuant to § 15002(b)(2) of the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act"), Pub. L. No. 116-136, 134 Stat. 281 (2020), and this Court's General Order Nos. 20-05, 20-07, 20-18, 20-23, 20-26, 20-27, 20-31, 20-35, 20-36, and 20-38, the undersigned, as the District Judge to whom this case is assigned, finds in this felony case that the change of plea pursuant to Federal Rule of Criminal Procedure 11 cannot be further delayed without serious harm to the interests of justice.

Specifically, this Court finds that serious harm may occur to the interests of justice in that further delay to Defendant Andrey Shuklin's change of plea hearing would interfere with both his and society's interest in prompt resolution of criminal matters. *See United States v. Westmoreland*, 712 F.3d 1066, 1076 (7th Cir. 2013) ("Both the accused and society as a whole have an interest in prompt resolution of criminal proceedings.") (citing *Barker v. Wingo*, 407 U.S. 514, 519–20 (1972)). Such delay would also interfere with Shuklin's ability to begin satisfying any penalty or sanction associated with the charged crime to which he intends to plead guilty, a

delay which "may have a detrimental effect on rehabilitation." *See Barker,* 407 U.S. at 520. (observing that "delay between arrest and punishment may have a detrimental effect on rehabilitation"). As Shuklin intends to plead guilty to the charge against him, he has an interest in moving his case forward, as once he has pled and is sentenced, Shuklin may qualify for certain benefits under the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), benefits which would begin to accrue only when he begins serving his sentence. *See, e.g.,* 18 U.S.C. § 3621(e) (substance abuse treatment available to qualifying convicted prisoners); *see also United States v. Cranford,* No. 3:07-CR-134, 2008 WL 4449908, at *1 (E.D. Tenn. Sept. 29, 2008) (finding that the interests of justice were served by ensuring that the defendant was not deprived of the opportunity to complete his rehabilitation program). For those reasons, the Court finds that further delay to Shuklin's change of plea hearing may cause serious harm to the interests of justice.

This Court further finds that Shuklin, after consultation with his counsel, has consented to the use of video conferencing to conduct the change of plea.

Accordingly, this Court **ORDERS** that the change of plea hearing may be conducted by use of video conferencing technology.

**SO ORDERED.**

January 22, 2021
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**