# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

  v.                              Case No. 1:18-cr-109-1
                                    JUDGE DOUGLAS R. COLE

**ANDREY SHUKLIN,**

      **Defendant.**

## PRELIMINARY ORDER OF FORFEITURE

This cause comes before the Court on the United States' Motion for Preliminary Order of Forfeiture. The Court has reviewed the evidence in the record, including the Plea Agreement, and HEREBY FINDS THAT:

On July 25, 2018, a grand jury in the Southern District of Ohio returned an Indictment charging defendant Andrey Shuklin in Count 1 with Racketeer Influenced and Corrupt Organizations ("RICO") Conspiracy, in violation of 18 U.S.C. § 1962(d). (Dkt. 3.)

The forfeiture allegation in the Indictment provided notice to the defendant that the United States would seek the forfeiture, pursuant to 18 U.S.C. § 1963, of (a) any interest acquired or maintained in violation of 18 U.S.C. § 1962; (b) any interest in, security of, claim against, or property or contractual right of any kind affording a source of influence over, any enterprise which the defendant established, operated, controlled, conducted, or participated in the conduct of, in violation of 18 U.S.C. § 1962; and (c) any property constituting, or derived from, any proceeds obtained,

directly or indirectly, from racketeering activity or unlawful debt collection in violation of 18 U.S.C. § 1962, including, but not limited to, all the defendant's ownership interests in the companies listed as part of the enterprise and a sum of money equal to an amount that represents the proceeds that the defendant obtained as a result of the offense. (*Id.*)

On December 30, 2019, the United States filed a Bill of Particulars, which provided notice to the defendant that the United States would seek the forfeiture of real property known and numbered as 3370 Hidden Bay Drive, Unit #814, Aventura, Florida 33180. (Dkt. 133.)

On or about December 16, 2020, the defendant entered into a Plea Agreement with the United States in which the defendant agreed to plead guilty to Count 1 of the Indictment; stipulated that the loss exceeded $1,500,000 and was less than $3,500,000; and agreed to the immediate forfeiture of property set forth in 18 U.S.C. § 1963. (Dkt. 170.) The defendant entered a plea of guilty to Count 1 of the Indictment on January 25, 2021. (Dkt. 175.)

Pursuant to Federal Rule of Criminal Procedure 32.2(b)(1), the Court finds that the defendant obtained proceeds in the amount of $2,467,807.39 from the RICO conspiracy as set forth in Count 1 of the Indictment.

Upon the exercise of due diligence, investigators were unable to recover the $2,467,807.39. As a result of acts or omissions of the defendant, the $2,467,807.39 in proceeds is not currently available to the United States for forfeiture. Further, the defendant commingled legitimate funds with proceeds from the RICO conspiracy

which cannot be divided without difficulty. Therefore, the United States is entitled to the forfeiture of the following substitute assets (the "subject property") because one or more of the conditions in 21 U.S.C. § 853(p) have been met:

a. The defendant's ownership interest in Independent Van Lines, LLC; and

b. Real property known and numbered as 3370 Hidden Bay Drive #814, Aventura, Florida 33180 with all appurtenances, attachments, and improvements attached thereon, legally described as:

Condominium Unit No. 814, of 100 Hidden Bay Condominium, a Condominium according to the Declaration thereof, as recorded in Official Records Book 19034, at Page 4250, as amended, of the Public Records of Miami-Dade County, Florida.

More commonly known as: 3370 Hidden Bay Drive #814, Aventura, Florida 33180
Record Owner: Independent Van Lines, LLC
Parcel Id: 2822030573180

CFN: 20150286898  Book 29603 Pages 3834 and 3835.

THEREFORE, IT IS HEREBY ORDERED THAT:

1. A personal money judgment in the amount of $2,467,807.39 is entered against defendant Andrey Shuklin pursuant to 18 U.S.C. § 1963.

2. All right, title, and interest in the subject property is condemned and forfeited to the United States pursuant to 21 U.S.C. § 853(p).

3. The United States is authorized to seize the subject property, pursuant to 21 U.S.C. § 853(g) and Fed. R. Crim. P. 32.2(b)(3), whether held by the defendant or a third party; conduct any discovery for identifying, locating, or disposing of the

property; and to commence proceedings that comply with any statutes governing third-party rights.

4. In accordance with the direction provided by the Attorney General and Fed. R. Crim. P. 32.2(b)(6), the United States shall publish notice of this Order and send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding. Publication must take place as described in Supplemental Rule G(4)(a)(iii) of the Federal Rules of Civil Procedure and may be by any means described in Supplemental Rule G(4)(a)(iv). Publication is unnecessary if any exception in Supplemental Rule G(4)(a)(i) applies.

5. The notice must describe the forfeited property, state the times under the applicable statute when a petition contesting the forfeiture must be filed, and state the name and contact information for the government attorney to be served with the petition. The notice may be sent in accordance with Supplemental Rules G(4)(b)(iii)-(v).

6. Pursuant to 21 U.S.C. § 853(n)(2), any person, other than the defendant, asserting a legal interest in the subject property, who wishes to contest the forfeiture of the subject property must, within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier, file a petition in the United States District Court for the Southern District of Ohio for a hearing to adjudicate the validity of the alleged legal interest in the subject property.

7. Any petition filed by a third party shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right,

title, or interest in the property; the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property; any additional facts supporting the petitioner's claim; and the relief sought.

8. The United States shall have clear title to the subject property following the Court's disposition of all third-party interests, or if no third-party petitions are timely filed, following the expiration of the period provided by statute for the filing of third-party petitions.

9. This Preliminary Order of Forfeiture is final as to the defendant and shall be made part of his sentence and included in his Judgment. This Order remains preliminary as to third parties until the ancillary proceeding is concluded.

10. The Court shall retain jurisdiction to enforce this Order and to amend it as necessary pursuant to Federal Rule of Criminal Procedure 32.2(e).

**SO ORDERED.**

|  |  |
|---|---|
| **DATE** | **DOUGLAS R. COLE**<br>**UNITED STATES DISTRICT JUDGE** |