UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

v.

**ANDREY SHUKLIN,**

    **Defendant.**

_____

Case No. 1:18-cr-109-1
JUDGE DOUGLAS R. COLE

**VERIFIED PETITION AND CLAIM OF THIRD PARTIES**
**TATIANA RAKHMANINOVA AND INDEPENDENT VAN LINES, LLC**

Pursuant to 21 U.S.C. § 853(n)(3), petitioner third-parties, Tatiana Rakhmaninova ("Tatiana") and Independent Van Lines, LLC ("Ind. Van Lines") (together, "Petitioners"), respectfully submit this Verified Petition and Claim ("Verified Petition") Concerning Preliminary Order of Forfeiture [D.E. 240] ("Preliminary Order"), to assert a legal interest in property described in the Preliminary Order as "Real property known and numbered as 3370 Hidden Bay Drive #814, Aventura, Florida 33180 with all appurtenances, attachments, and improvements attached thereon . . ." ("Home"). In support of this Verified Petition, Petitioners state as follows:

1. This petition is submitted primarily on behalf of Tatiana.

2. Tatiana is the spouse of Defendant Andrey Shuklin.

3. Tatiana, in her individual capacity, is the sole owner of the Home.

4. Tatiana presently lives at the Home with her daughter, and has lived there continuously since the Home was purchased in or about April 2015.

5. Tatiana's daughter has never lived anywhere else.

6. The Home is Tatiana's primary residence and her homestead.

7. The government is not entitled to forfeiture of the Home as a substitute asset because Tatiana became the sole owner of the Home before entry of the Preliminary Order. Tatiana also has other legitimate legal interests in the Home and has put substantial personal funds into the Home.

8. The following are additional pertinent facts regarding the nature, extent, time, and circumstances of Tatiana's right, title, and interest in the Home, as required by 18 U.S.C. § 853(n)(3) and the Court's Preliminary Order:

   a. On or about March 20, 2015, Tatiana's father sent her approximately $278,100 as a gift for her to use towards a down payment to purchase the Home ("Down Payment Funds").

   b. Tatiana's father sent the Down Payment Funds to Tatiana at her TD Bank account.

   c. On or about May 5, 2015, Ind. Van Lines, a company owned by Tatiana and Defendant Shuklin, obtained a mortgage ("Mortgage") for $245,000.00 for the purchase of the Home. Tatiana is also a manager of Ind. Van Lines.

   d. At or around the same time, Tatiana personally used the Down Payment Funds in her TD Bank account to make an approximately $265,000 down payment on the Home.

   e. On or about February 1, 2020, Tatiana's father sent Tatiana a second wire in the amount of approximately $270,000.00 as a gift for her to use to make payments on the Mortgage and cover her other personal expenses ("Second Wire").

   f. Tatiana's father sent the Second Wire to Tatiana at her JPMorgan Chase account.

   g. On or about December 17, 2020, Ind. Van Lines, of which Tatiana is an owner, executed a quit-claim deed in favor of Tatiana, assigning Tatiana alone, in her

    individual capacity, all right, title, and interest to the Home. The quit-claim deed was executed with the understanding that Tatiana would pay off the Mortgage in full, as soon as possible, as consideration.

  h. On or about December 8, 2021, Tatiana's father sent Tatiana a third wire in the amount of approximately $30,000 as a gift for Tatiana to pay off the Mortgage on the Home ("Third Wire").

  i. Tatiana's father sent the Third Wire to her JPMorgan Chase account.

  j. On December 16, 2021, Tatiana wired $230,292.95 to the entity that took her Mortgage payments, paying off the Mortgage in full. Tatiana used gift funds from the Second Wire and Third Wire from her father to pay off the Mortgage.

  k. On May 9, 2022, the government moved for forfeiture of property, including the Home. [D.E. 234].

  l. On May 12, 2022, the Court entered the Preliminary Order. [D.E. 240].

  m. Tatiana has acted in good faith with respect to the Home, has not attempted to sell the Home, and has put nearly $600,000 of her personal funds, much of which was gifted from her father, towards paying for the Home.

9. Based on the foregoing, Tatiana became the sole owner of the Home and obtained all right, title, and interest in the Home, in her personal capacity, before entry of the Preliminary Order. Tatiana also has other legitimate legal interests in the Home.

10. In addition, Tatiana asserts her interest in the Home through her interest in Ind. Van Lines, insofar as Ind. Van Lines is deemed to have any interest in the Home.

WHEREFORE, Petitioners respectfully request that the Court enter an order finding that Tatiana, in her individual capacity, is the sole owner of the Home and has all right, title, and interest

in the Home, and amending the Preliminary Order accordingly. In the alternative, Petitioners respectfully request that the Court enter an order finding that Tatiana, in her individual capacity or through her interest in Ind. Van Lines, has other bona fide and legitimate interests in the Home, amending the Preliminary Order accordingly.

Dated: June 10, 2022

Respectfully submitted,

NELSON MULLINS RILEY & SCARBOROUGH LLP

*/s/ Dustin B. Rawlin*
Dustin B. Rawlin
1111 Superior Avenue, Suite 530
Cleveland, OH 44114
Tel.: (216) 304-6153
dustin.rawlin@nelsonmullins.com

*Attorneys for Third-Party Petitioners*
*Tatiana Rakhmaninova and Independent Van*
*Lines, LLC*

## VERIFICATION PURSUANT TO 18 U.S.C. § 1746

Pursuant to Title 18, United States Code, Section 1746, I declare under penalty of perjury that foregoing is true and correct.

Executed on June 10, 2022.

                                                            _____
                                                            Tatiana Rakhmaninova

                                                            _____
                                                           Independent Van Lines, LLC
                                                           By: Tatiana Rakhmaninova
                                                           Title: Owner and Manager

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 10, 2022, a true and correct copy of the foregoing was electronically filed with the Court's CM/ECF System, which will send a notice of electronic filing to all counsel of record.

*/s/ Dustin B. Rawlin*