# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Case No. 1:18-CR-109-1** |
| | : | |
| v. | : | **Judge Douglas R. Cole** |
| | : | |
| **ANDREY SHUKLIN,** | : | |
| | : | |
| **Defendant.** | : | |

## SETTLEMENT AGREEMENT

WHEREAS, on May 12, 2022, the Court entered a Preliminary Order of Forfeiture (Doc. 240) finding that all right, title, and interest in the following property ("Real Property") had been forfeited to the United States pursuant to 18 U.S.C. § 1963(m):

> Real property known and numbered as 3370 Hidden Bay Drive #814, Aventura, Florida 33180 with all appurtenances, attachments, and improvements attached thereon, which is legally described as:
>
> Condominium Unit No. 814, of 100 Hidden Bay Condominium, a Condominium according to the Declaration thereof, as recorded in Official Records Book 19034, at Page 4250, as amended, of the Public Records of Miami-Dade County, Florida.
>
> Record Owner: Tatiana Rakhmaninova
> Parcel Id: 2822030573180;

WHEREAS, the United States published notice of this forfeiture action and of its intent to dispose of the Real Property in accordance with the law on an official government forfeiture internet site (www.forfeiture.gov) for at least 30 consecutive days, beginning on June 17, 2022 (Doc. 307);

WHEREAS, the United States sent direct written notice of the Preliminary Order of Forfeiture to all persons who reasonably appeared to be a potential claimant with standing to contest the forfeiture of the Real Property in the ancillary proceeding, including Independent Van

Docusign Envelope ID: 00782DF1-527D-4551-A87A-38E581F7867C

Lines, LLC and Tatiana Rakhmaninova (Doc. 306);

WHEREAS, on June 10, 2022, Tatiana Rakhmaninova and Independent Van Lines, LLC ("Petitioners") filed a verified petition and claim asserting an interest in the Real Property (Doc. 249);

AND WHEREAS, no other person or entity has filed a petition with the Court asserting any interest in the Real Property or objecting to its proposed forfeiture, and the time to do so has expired.  Therefore, the only parties who could have an interest in the Real Property at the conclusion of the ancillary proceeding are before the Court.

NOW THEREFORE, in the interest of fully resolving their respective interests in the Real Property in all aspects and to avoid the expenses and risks of further litigation, the United States and Petitioners (together "the Parties") HEREBY STIPULATE AND AGREE that:

1. On or before December 1, 2024, Petitioners shall pay to the United States a total of Thirty-Six Thousand, Four Hundred Eighty-One and 58/100 Dollars ($36,481.58) in the form of a check made payable to the "United States Marshals Service" and delivered to the United States Attorney's Office, Attn: Matthew C. Singer, Assistant U.S. Attorney, 221 East Fourth Street, Suite 400, Cincinnati, Ohio 45202.

2. The payment of the $36,481.58 to the United States shall be in full settlement and satisfaction of any and all claims, demands, rights, and causes of action relating to the Real Property in this case.

3. The $36,481.58 will be substituted for the Real Property named in the Preliminary Order of Forfeiture (Doc. 240) and held by the United States Marshals Service for forfeiture in lieu of the Real Property pending further order of the Court.

4. By signing this Settlement Agreement, Petitioners agree to the entry of a Final Order of Forfeiture against the $36,481.58, which will forfeit all their right, title, and interest in

Docusign Envelope ID: 00782DF1-527D-4551-A87A-38E581F7867C

the funds to the United States in accordance with 18 U.S.C. § 1963(m).

5. Petitioners agree to release and hold harmless the United States, and any agents, servants, and employees of the United States (or any state or local law enforcement agency) acting in their individual or official capacities, from any and all claims, demands, rights, and causes of action of whatsoever kind and nature, whether known or unknown, which they may have or later acquire against the United States and its agents, servants, and employees on account of the same subject matter that gave rise to the above-captioned action, including any future claim or lawsuit of any kind or type whatsoever, whether for compensatory or exemplary damages, all with respect to the Real Property.

6. The Parties agree that each party shall bear its own costs and attorneys' fees. Petitioners further agree to waive any and all rights they may have to recover attorneys' fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, the Civil Asset Forfeiture Reform Act (CAFRA), 28 U.S.C. § 2465, or any other legal or statutory basis, with regard to the Real Property.

7. For the purpose of construction, this Settlement Agreement shall be deemed to have been drafted by the Parties and shall not, therefore, be construed against any party in any subsequent dispute including, but not limited to, any proceedings to enforce the terms of this Settlement Agreement.

8. This Settlement Agreement contains the entire agreement between Petitioners and the United States.

9. This Settlement Agreement may be executed in several counterparts, with a separate signature page for each party. All such counterparts and signature pages, together, shall be considered one document.

10. Unless specifically directed by an order of the Court, Petitioners shall be excused and relieved from further participation in this case.

Docusign Envelope ID: 00782DF1-527D-4551-A87A-38E581F7867C

11. The Parties agree that the United States District Court for the Southern District of Ohio, Western Division shall retain jurisdiction of this action to enforce this Settlement Agreement.

Date: 10/3/2024

KENNETH L. PARKER
United States Attorney

MATTHEW C. SINGER (IL 6297632)
Assistant United States Attorney
Attorneys for Plaintiff
221 East Fourth Street, Suite 400
Cincinnati, Ohio 45202
(513) 684-3711
Matthew.Singer@usdoj.gov

Date: 10/1/2024

TATIANA RAKHMANINOVA
Individually and as Owner and Manager of
INDEPENDENT VAN LINES, LLC
Petitioners

Date: 10/1/2024

Christopher Cavallo (Fla. Bar 0092305)
Nelson Mullins Riley & Scarborough LLP
2 S. Biscayne Blvd., Suite 2100
Miami, Florida 33131
305.373.9400
chris.cavallo@nelsonmullins.com
Attorney for Petitioners Tatiana Rakhmaninova
and Independent Van Lines, LLC
Admitted Pro Hac Vice